UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ROSA, | : | CIVIL NO. **4:05-CV-2386** |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Smyser) |
| RONNIE HOLT, Warden | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

On November 17, 2005, the petitioner, a federal prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petitioner is challenging the Bureau of Prisons' calculation of his sentence from the United States District Court for the Eastern District of Pennsylvania.

After the petitioner paid the $5.00 filling fee, by an order dated November 28, 2005, the respondent was ordered to show cause on or before December 21, 2005 why the petitioner should not be granted habeas corpus relief.  The respondent,

represented by an Assistant United States Attorney, filed a motion for an extension of time to respond to the petition. By an Order dated December 21, 2005, the respondent's motion for an extension of time was granted and the respondent was ordered to file his response to the petition on or before January 5, 2006.

On December 29, 2005, the petitioner filed a document entitled "Objection to Enlargement of Time and Granting Such Enlargement Motion." The petitioner asserted that the United States Attorney does not have statutory authority to represent the respondent, that it is improper for the respondent to obtain assistance from legal counsel for the Bureau of Prisons, and that he is prejudiced by the extension of time granted to the respondent. We construed the document filed by the plaintiff on December 29, 2005 as a motion for reconsideration of the order granting the respondent's motion for an enlargement of time, and by an Order dated January 9, 2006, we denied that motion. We concluded that the United States Attorney may represent an official of the United States in a matter in which the

United States has a concern and that it is not inappropriate nor prohibited for the United States Attorney to consult with agency counsel.  We also concluded that, although delay in the adjudication of a habeas petition may potentially prejudice the interests of a prisoner, the respondent's motion for an extension of time in this case set forth a credible basis for an extension and that the court must have a complete and accurate record before it to adjudicate the petition.  The petitioner filed an appeal to the district judge of the denial of his objection to the enlargement of time granted to the respondent.  The petitioner again argued that the Assistant United States Attorney should not be permitted to represent the respondent in this action.  By an Order dated February 8, 2006, Judge McClure denied the petitioner's appeal.

In the meantime, on January 4, 2006, the respondent filed a response to the petition for a writ of habeas corpus.  On January 12, 2006, the petitioner filed a reply.

3

In his reply the petitioner again contends that the United States Attorney should not be permitted to represent the respondent in this action.  Since that contention has been addressed in our Order of January 9, 2006 and in Judge McClure's order of February 8, 2006, we will not discuss that issue further.

The respondent contends that the petition should be dismissed because the petitioner has not exhausted administrative remedies.  The respondent also contends that the petition should be denied because the Bureau of Prisons has correctly calculated the petitioner's sentence.

We will first address the issue of exhaustion of administrative remedies.  Although there is no statutory exhaustion requirement applicable to habeas petitions brought pursuant to 28 U.S.C. § 2241, the courts have created a rule that prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

The basic rationale for the exhaustion requirement is that judicial review may be facilitated by the agency's development of a factual record, that judicial time may be conserved if the agency grants the relief sought, and that administrative autonomy requires that an agency be given an opportunity to correct its own errors. *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981). However, exhaustion of administrative remedies is not required where administrative procedures are unavailable or incompetent to provide adequate redress or where exhaustion would be futile. *Gonzalez v. Perrill*, 919 F.2d 1, 2 (2d Cir. 1990); *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)(Roth, J., concurring)(exhaustion is not required when petitioner demonstrates that exhaustion is futile).

Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate must first present an issue of concern informally to staff before submitting a Request for Administrative Remedy.

5

28 C.F.R. § 542.13(a).  If the attempt at informal resolution is not successful, an inmate must address a Request for Administrative Remedy to the institution staff member designated to receive such requests within twenty days of the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a) & (c)(4).  The Warden will respond to the Request for Administrative Remedy and an inmate who is not satisfied with the Warden's response may appeal to the Regional Director within twenty days of the date of the Warden's response. 28 C.F.R. § 542.15(a).  Finally, an inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel within thirty days of the date of the Regional Director's response. 28 C.F.R. § 542.15(a).

 The respondent submitted the declaration of Wm E. Baumgartel, a paralegal specialist with the Bureau of Prisons. *Doc. 11, Exhibit 2.*  Baumgartel states that on December 15, 2005, he conducted a review of the Bureau's SENTRY database. *Id. at ¶5.*  He states that his review revealed that the petitioner has not filed any requests for

6

administrative remedies during his current term of incarceration with the Bureau of Prisons, and that, therefore, the petitioner has not exhausted available administrative remedies. *Id.*

The petitioner does not dispute the respondent's assertion that he has not exhausted his administrative remedies.  Although the petitioner correctly argues that the exhaustion of administrative remedies in § 2241 habeas cases is not a jurisdictional or statutory requirement, he has not presented the court with a valid reason for not requiring exhaustion in this case.  For example, he has not alleged that exhaustion would be futile or that there was not time for him to complete the administrative remedy process prior to the date he contends that his sentence should expire. Since the petitioner has not presented the court with a reason for not requiring exhaustion in this case, it will be recommended that the petition be dismissed without prejudice based on the petitioner's failure to exhaust administrative remedies.

Since we recommend that the petition be dismissed without prejudice based on the petitioner's failure to exhaust administrative remedies, we do not address the merits of the petitioner's claim.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  February 16, 2006.