UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ROSA, | : | No. 4:05-CV-2386 |
| | : | |
| Petitioner, | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| RONALD HOLT, Warden, | : | |
| FCI-Schuylkill, | : | |
| | : | |
| Respondent. | | |

**O R D E R**

March 9, 2006

**<u>BACKGROUND:</u>**

Jose Rosa was sentenced to serve a five to ten-year term in a Pennsylvania state correctional facility after shooting a police officer in the back.  While serving his state sentence, Rosa was removed from state custody, prosecuted in the United States District Court for the Eastern District of Pennsylvania, and found guilty of, <u>inter alia</u>, conspiracy to distribute cocaine, possession with intent to distribute cocaine, and federal income tax evasion.  Rosa was sentenced to an aggregate term of thirty years in federal prison.

On November 17, 2005, Rosa filed this <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Rosa challenges the Bureau of Prisons ("BOP") calculation of his sentence, arguing that the BOP improperly computed

his sentence by not running his thirty-year term of imprisonment concurrent with his state sentence.

The matter was initially referred to United States Magistrate Judge J. Andrew Smyser.

On February 16, 2006, Magistrate Judge Smyser issued his eight-page report and recommendation, recommending that the petition be dismissed without prejudice due to Rosa's failure to exhaust administrative remedies.  (Rec. Doc. No. 17.)  On or about March 3, 2006, Rosa filed a pleading captioned "Rule 59(e) Motion To Alter Or Amend Judgment."  (Rec. Doc. No. 18.)  By order dated March 7, 2006, we construed the filing as an objection to the report and recommendation.  (Rec. Doc. No. 19.)

For the reasons set forth below, we will adopt in full the report and recommendation of Magistrate Judge Smyser, and dismiss Rosa's petition without prejudice.

## ANALYSIS:

*1.  Legal Standard*

A district court reviews <u>de</u> <u>novo</u> those portions of a magistrate judge's report and recommendation to which a party objects.  L.R. 72.3.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge." Id.

We construe Rosa's pro se filings liberally. See, e.g., Haines v. Kerner, 404 U.S. 519 (1972).

*2. Discussion*

28 U.S.C. § 2241 empowers this court to grant a writ of habeas corpus. "Although there is no statutory exhaustion requirement attached to § 2241, [the United States Court of Appeals for the Third Circuit has] consistently applied an exhaustion requirement to claims brought under § 2241." Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981) (requiring federal prisoner to exhaust administrative remedies before bringing claim under § 2241)). The magistrate judge correctly noted that exhaustion is not required, however, where administrative procedures are unavailable or incompetent to provide adequate redress or where exhaustion would be futile. See Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring) (exhaustion not required where petitioner demonstrates that exhaustion is futile).

Before the magistrate judge, Rosa did not argue that exhaustion would be futile, or that there would be insufficient time for him to complete the administrative remedy process prior to the date he contends that his sentence should expire.

3

In the filing we construe to be his objections to the magistrate's report and recommendation, Rosa does state that he "would not receive relief from the (BOP) exhaustion of administrative remidies [sic], which are infact [sic] futile." (Rec. Doc. No. 18, at 2.)  Rosa states, "Clearly this administrative remedies that the (BOP) procedures provide are merely a 'cloak-and-dagger,' to further the discouraging of a <u>pro</u> <u>se</u> litigant/inmate from relief." (<u>Id.</u> at 3.)  In support of these arguments, Rosa states that "in Schuylkill, FCI, the facility Warden, - 'Ronald Holts' has tacitly decreed that under no circumstances would relief come with remedy filings and with the undivided support from its counter parts concerning their improprieties, this making the forum of administrative remedies futile."

Rosa provides no factual support for these allegations and we agree with the magistrate judge that Rosa has not presented the court with a valid reason for not requiring exhaustion in this case.  As the government noted in its brief, "the BOP has extensive expertise and maintains the necessary records to explain Rosa's sentence computation to him," and Rosa has failed to allege any facts or submit any evidence that the "BOP has ever been put on notice or refused to correct an error in computing his sentence." (Rec. Doc. No. 11-1, at 8.)

We will approve and adopt the magistrate judge's report and recommendation in full, for the reasons set forth therein, and dismiss the petition

without prejudice based on Rosa's failure to exhaust administrative remedies.

## NOW, THEREFORE, IT IS ORDERED THAT:

1.      The Report and Recommendation of Magistrate Judge J. Andrew

        Smyser (Rec. Doc. No. 17) is approved and adopted in full for the

        reasons set forth therein.

2.      The petition for a writ of habeas corpus is dismissed without

        prejudice.  (Rec. Doc. No. 1.)

3.      The clerk is directed to close the case file.


                                        s/ James F. McClure, Jr.
                                        James F. McClure, Jr.
                                        United States District Judge